Miller, Lyon & Co. vs. Cappel and Curry.

## No. 9114.

MILLER, LYON & CO. VS. JOSEPH CAPPEL AND DUDLEY A. CURRY.

In the proceeding by executory process, the order of seizure and sale must be supported by authentic evidence exclusively.

Hence, the order issued in favor of a holder of a note made payable to the endorser and transferred by the latter, by blank endorsement, will be set aside in the absence of authentic evidence of such transfer.

*Aliter* if the notarial act recites that the note was made to the order of the drawer and by him endorsed in blank, in which case the note becomes payable to bearer.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Barbin*, J.

*Cullom & Coco* and *F. D. King* for Plaintiffs and Appellees.

*Thorpe, Peterman & Thorpe* and *Thos. Overton* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Defendants have taken this appeal from an order of seizure and sale issued on a mortgage note of $4000, executed by them to the order of A. A. Mouton and endorsed in blank by the latter.

Their complaint is that no authentic evidence was furnished of the transfer of the note by the payee or endorser and that, therefore, the order was issued without sufficient evidence.

The point is well taken and it must prevail. There is authentic evidence of the execution of the note and of the mortgage, but none to show the transfer of the note and of its accessory, the mortgage. In fact the record contains no evidence whatever in proof of the signature of the payee, A. A. Mouton, without which, even in the *via ordinaria*, the plaintiff could not recover judgment on the note.

To justify the order of seizure and sale every mumiment of title, and every link of evidence must be in the authentic form. In such a proceeding the judge can entertain no matter *in pais*.

Our Code defines the requisites of an authentic act (C. C. 2234) and offers a complete refutation to the argument of plaintiffs' learned counsel, who confound in their brief, authentic evidence of an endorser's signature, with proof of the genuiness of the signature.

The question to be met is not whether the signature in the blank endorsement is that of A. A. Mouton, but whether the judge was furnished with authentic evidence of that fact.

That principle of our jurisprudence has been uniformly expounded in that sense, in an unbroken line of decisions running as far back as the earliest days of our judicial history.

In the case of Wray vs. Henry, 10 Martin 222, the court held that the affidavits of the holder of the note and of another person of the signature of the original payee, could not supply authentic proof of such signature so as to justify the order of seizure and sale.

the doctrine which we now reaffirm, with the reasonable hope that the profession will thoroughly understand it, has been recognized in the following cases bearing on the issue herein presented :

French vs. The Mechanics and Traders' Bank, 4 A. 153; Commercial Bank of New Orleans vs. Susan Poland, 6 A. 477; Tufts vs. Beard, 9 A. 310; Ricks vs. Bernstein, 19 A. 141; Burns vs. Naughton, 24 A. 476; Wood & Roan vs. Wood, 32 A. 801; Chaffe, syndic, vs. Carroll, 34 A. 122; Chaffe, syndic, vs. Carroll, 35 A. 115.

Relying on the case of Mattoe vs. McCrystol, ( 11 A. 14 ) plaintiff's counsel quote the following language from that opinion :

"The execution of the note, its endorsement in blank, and the act of mortgage, importing a confession of judgment in favor of the holder of the note, were all proved by *authentic evidence*. The exhibition of the note and mortgage by the plaintiff, *identified him as the holder*, who by the terms of the contract, was entitled to the order of seizure and sale."

But we are at a loss to conceive what relief they can expect from that decision, which is one of the leading cases in support of the views which we here announce. The notarial act recites that McCrystol executed the note to his own order and endorsed it in blank. Hence there was authentic evidence of the endorsement or transfer, under which the note became payable to bearer.

In the case of Marionneaux vs. Dardenne, 28 A. 457, the court sustained an order of seizure and sale without authentic evidence of the capacity of the tutrix of the payee's minor children, and to that extent the case favors the views of plaintiff's counsel in this case.

But this is an isolated instance, and the opinion of that case is practically overruled in the two cases of Chaffe, Syndic vs. Carroll, 34 A. 122, and 35 A. 115; in which proof was required of the capacity of the syndic, before he could proceed by *executory process* on a note executed to the order of the insolvent, whose estate he claimed to represent. We find the correct doctrine contained in the dissenting opinion of Justice Howell, and we distinctly overrule the contrary doctrine as announced in the majority opinion of that case.

The zeal and sincerity with which plaintiff's counsel have pressed their views on this important branch of our practice, and the appar-

ent support which was afforded them by the case last mentioned and just disposed of, have induced us to make an extensive review of our jurisprudence on a question of great practical importance, and to thus reaffirm a doctrine which is calculated to greatly enhance the value of commercial paper and to efficiently facilitate moneyed transactions of daily occurrence.

Our conclusion is that the order of seizure and sale issued in this case was not supported by the kind of evidence which the law requires.

It is, therefore, ordered that the order of seizure and sale rendered in this case be annulled and set aside, and that plaintiffs' petition be dismissed as in case of non-suit, at their cost in both courts.