368 So.2d 167 (1979)
AMERICAN SECURITY BANK OF VILLE PLATTE, Plaintiff-Appellee,
v.
Bobby DEVILLE, Defendant-Appellant.
No. 6838.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1979.
*168 Roger M. Evans, New Orleans, for defendant-appellant.
Jules R. Ashlock, J. Wendel Fusilier, Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
This case was consolidated for trial and appeal with Numbers 6839, 6840, and 6841, on the docket of this Court. The issue is the same in these four cases and will be discussed herein, although separate opinions in each case are being rendered on this day.
These suits arise out of the attempts of plaintiff, American Security Bank of Ville Platte, Louisiana, to enforce four chattel mortgages on the farm equipment of defendant, Bobby Deville, via executory process.
The facts relevant to these appeals may be stated as follows:
Defendant executed various promissory notes made payable to the order of Pitre Ford Tractor or Pitre Ford Tractor Company, which were secured by and paraphed for identification with various chattel mortgages on defendant's farm equipment. All of the chattel mortgages were on a standard form, containing a confession of judgment clause, as well as all other items necessary to the use of executory process. The promissory notes were endorsed in blank by purported representatives of Pitre Ford and negotiated by Pitre Ford to plaintiff, American Security Bank. Apparently, defendant failed to make his payments under the notes.
American Security Bank sought to enforce the chattel mortgages via executory process and filed verified petitions alleging that defendant was delinquent in his payments on the notes. The bank submitted the appropriate authentic evidence of the *169 mortgage instruments and the paraphed mortgage notes with its petitions. However, authentic evidence of the endorsements in blank of the notes by Pitre Ford was not submitted.
The following table references the docket numbers of the cases in this Court with the endorsements by Pitre Ford on the corresponding promissory notes, and the chattels affected by the mortgages.

DOCKET NO. SECURING CHATTELS ENDORSEMENT
6838 1-Ford 9600 Tractor with Pitre Ford Tractor
 cab, Serial No. C480736, Co.
 Model No. H2615M
 By: /s/ James M.
 1-230 Ford Disc Harrow Pitre
 (20 feet)
6839 1-Ford 4000 Tractor, Pitre Ford Tractor
 Serial No. C464866,
 Model No. D1014C /s/ James M. Pitre
6840 1-Ford 9600 Diesel Pitre Ford Tractor
 Tractor, Serial No. Co.
 C-478420, Model No.
 H2615C /s/ Chancy S. Pitre
 1-Ford 9600 Diesel
 Tractor, Serial No.
 C-458626, Model No.
 H2615C
6841 1-Used Ford Disc Harrow Pitre Ford Tractor
 Model 230 Co.
 2-New Southern Tire /s/ James M. Pitre
 Harrows.

In each one of the suits, defendant sought injunctive relief to arrest the seizure and sale of his property. Temporary restraining orders were issued initially by the District Judge. However, after a hearing, the temporary restraining orders were dissolved, and the injunctions sought by defendant in the various suits were denied. Defendant appeals suspensively from these judgments.
Defendant contends that the lack of authentic evidence of the endorsements in blank by Pitre Ford is fatal to the use of executory process.
Plaintiff, on the other hand, contends that it is not necessary to have authentic evidence of the endorsement in blank on the notes inasmuch as such endorsements converted the order instruments into bearer instruments under the commercial laws of this state (La.R.S. 7:34 and La.R.S. 10:3-204(2)), and authentic evidence of the transfer of a bearer note is not necessary to enable the holder to foreclose by executory process.
We think that authentic evidence of the endorsement of a note payable to order is critical to the use of executory process.
Executory process is a harsh remedy, and it can be used only in those situations specifically provided for by law. The party seeking to avail himself of the procedure must comply strictly with the letter of the law governing it. May Company, Inc. v. Heirs of Sumage, 347 So.2d 916 (La.App. 3rd Cir. 1977); First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La.App. 3rd Cir. 1971).
At the corpus of executory process is the requirement of authentic evidence to support every link in the necessary chain of evidence. Louisiana Code of Civil Procedure *170 Article 2635; Id. Comment (b). This authentic evidence is necessary for the protection of the debtor because of the accelerated nature of the proceedings. American Bank and Trust Company in Monroe v. Carson Homes, Inc., 316 So.2d 732 (La.1975).
The precise issue presented here was discussed almost a hundred years ago in the case of Miller, Lyon & Company v. Cappel, 36 La.Ann. 264 (1884), which has been continually cited in Louisiana for the proposition that, if any of the required authentic evidence is found to be lacking, executory process is unavailable to the creditor. The facts of that case, however, are rarely mentioned. Actually, the factual setting of Cappel is virtually indistinguishable from the present case. The defendants in that case issued a mortgage note for $4,000.00 payable to the order of A. A. Mouton. The note was endorsed in blank and ultimately negotiated to plaintiffs, who sought to use executory process for its collection. The court stated:
"There is authentic evidence of the execution of the note and of the mortgage, but none to show the transfer of the note and of its accessory, the mortgage. . .
To justify the order of seizure and sale every muniment of title, and every link of evidence must be in the authentic form. In such a proceeding the judge can entertain no matter in pais.
Our Code defines the requisites of an authentic act (C.C. 2234) and offers a complete refutation to the argument of plaintiffs' learned counsel, who confound in their brief, authentic evidence of an endorser's signature, with proof of the genuineness of the signature.
The question to be met is not whether the signature in the blank endorsement is that of A. A. Mouton, but whether the judge was furnished with authentic evidence of that fact."
36 La.Ann. at p. 264.
The Court concluded that authentic evidence of the endorsement was required in order for the creditor to proceed by executory process. A much later case, Brock v. Messina, 200 So. 511 (La.App. 1st Cir. 1941) also stands as authority for this proposition.
We feel that the requirement of authentic evidence of the endorsement in blank of a note payable to order was continued by Louisiana Code of Civil Procedure Article 2635, especially part (3), which provides:
"The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege;
(2) The authentic act of mortgage or privilege importing a confession of judgment; and
(3) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process.
This requirement of authentic evidence is relaxed only in those cases, and to the extent, provided by law."
We also note that the comments following La.C.C.P. Article 2635(3) support this conclusion. Comment (d) states, in part:
"Another situation where additional evidence in authentic form is needed to prove the plaintiff's right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition. Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264 (1884)."
Plaintiff's argument that the endorsement in blank by Pitre Ford Tractor converted the order instrument into a bearer instrument, and that authentic evidence of the transfer of a bearer note is not necessary to enable the holder thereof to *171 foreclose by executory process, fails to recognize the distinction between a note which begins as bearer paper and one which begins as order paper, but is subsequently converted to bearer paper by endorsement in blank. The note which is originally bearer paper needs no endorsement for its negotiation and, therefore, there need be no authentic evidence of its endorsement. However, the one which begins as order paper needs an endorsement for negotiation. Without endorsement, the holder has no right to enforce the notes at all because it is not the named payee. Since the bank in the instant case acquired its right to sue on the note by virtue of Pitre Ford Tractor's endorsement and negotiation, we feel that there must be authentic evidence of the endorsement if executory proceedings are going to be utilized.[1] The trial judge was in error by failing to issue the injunctions.
We thus hold that, in order to use executory process on a note which is made payable to the order of a specific named payee, authentic evidence of the endorsement of the named payee is necessary.
In an abundance of caution, we emphasize that the issue of whether the plaintiff bank has the right to collect upon these notes and to enforce its rights under the chattel mortgages in ordinary proceedings is not presented here. We simply hold that the bank in the instant case cannot avail itself of executory proceedings without authentic evidence of the endorsements which give it its rights to enforce the notes.
For the above reasons, the judgment of the District Court is reversed. It is hereby Ordered that judgment be entered herein in favor of defendant, Bobby Deville, and against plaintiff, American Security Bank of Ville Platte, and the Sheriff of Evangeline Parish, permanently enjoining them from proceeding with executory process in this matter. All costs are assessed against plaintiff, American Security Bank of Ville Platte.
REVERSED AND RENDERED.
NOTES
[1] The obvious exception to this rule, of course, is where the note is made payable to the order of the mortgagor, is endorsed in blank by him, and the mortgage instrument so states. First National Bank of Lafayette v. Gaddis, supra; Miller, Lyon & Co. v. Cappel, supra; La.C.C.P. Art. 2635, comment (d).