WILLIAMS, Judge.
The primary issue herein is whether lack of an intermediate endorsement on a promissory note precludes use of executory process where the intermediate holder of the note executes an authentic act acknowledging and ratifying re-transfer of the note to the plaintiff bank, original payee on the note.
On October 17, 1989, this court ordered that the trial court proceedings be stayed (including the sale of the defendants’ property set for October 19, 1989), granted cer-tiorari and ordered that the matter be submitted on the record and the briefs without oral argument.
After fully reviewing the record and researching the issues involved, we find no error in the ruling of the trial court.
FACTS
On March 17, 1988, Dixie Savings and Loan Association (Dixie) filed a petition for executory process seeking the seizure and sale of relators’ home at 6124 Camp Street. A writ of seizure was issued and the sheriff’s sale was scheduled shortly thereafter, on March 21, 1988. The following year, on March 6, 1989, defendants moved for a preliminary injunction for lack of an authentic act showing transfer of the promissory note from Dixie to the Federal Home Loan Bank and the transfer back to Dixie.
Dixie as Landmark Savings Bank filed a supplemental and amending petition on June 6, 1989, alleging that the mortgage note had been assigned on April 17,1984 to the Federal Home Loan Mortgage Corporation (FHLMC) and that subsequently it reacquired the note from the FHLMC. Attached to the petition was the affidavit, dated May 16, 1989, of Harold T. Hilleb-rand, regional manager of the FHLMC, in which the transfer of the promissory note to Dixie is acknowledged and ratified. The date of the original transfer is not specified.
On June 14, 1989, a second order of seizure and sale was issued. On September 25, 1989, defendants again moved to enjoin the sale of their home. The trial court refused to issue the preliminary injunction.
*1045 Defendants argue that the trial court erred in allowing petition for executory process to be amended after the injunction was issued, and that plaintiff failed to cure the defects in the original petition for exec-utory process. Defendants specifically allege that the plaintiff failed to submit authentic evidence of a name change or merger and authentic evidence of a special endorsement from the Federal Home Loan Mortgage Corporation to Dixie Savings, so that the defects in the original petition were not cured. Defendants also contest the amount of attorney fees awarded. We affirm the judgment of the trial court as to the merits and remand for further proceedings in accordance with this opinion and for determination of attorney fees.

Injunction

Though an injunction was issued prohibiting sale of the property in question, that order enjoined executory process under the original defective petition for exec-utory process. Those defects were cured when the plaintiff filed the necessary authentic evidence with its Supplemental and Amending Petition. Subsequently, the trial court properly issued a second order of executory process, which order was not affected by the first injunction.[1]

Evidence of Name Change

Appellants’ argument that the plaintiff bank failed to submit authentic evidence of a name change from Dixie Savings Association to Dixie Savings and Loan Association is without merit. The name change was evidenced in the verified Petition for Exec-utory Process in accordance with La.C.C.P. art. 2637(D), which provides:
D. Evidence of a name change, merger, purchase and assumption, or similar disposition or acquisition, of a financial or lending institution may be proved by a verified petition or supplemental petition, or by an affidavit or affidavits submitted therewith by an appropriate officer of the successor entity. [Emphasis added.]

Authentic Evidence of Transfer of the Note

As to the necessary authentic evidence of transfer of the note from FHLMC to Dixie, we examine La.C.C.P. art. 2635 and the relevant comments. La.C.C.P. Art. 2635 provides:
Art. 2635. Authentic evidence submitted with petition
A. In order for a plaintiff to prove his right to use executory process to enforce the mortgage, security agreement, or privilege, it is necessary only for the plaintiff to submit with his petition authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(3) The act or mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
B. This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney’s fees shall not preclude the use of executory process.
Dixie did in fact submit with its supplemental and amending petition the note evidencing the obligation secured by the mortgage. The note is made payable to Dixie Savings Association. Dixie also submitted an authentic act in which the only intermediate transferee, FHLMC, acknowledges that it no longer has an interest in the note *1046 and that it in fact re-transfered the note to Dixie.[2]
LSA-La.R.S. 10:3-208 provides further support in Dixie’s favor. It provides:
§ 3-208. Reacquisition
Where an instrument is returned to or reacquired by a prior party he may cancel any endorsement which is not necessary to his title and reissue or further negotiate the instrument, but any intervening party is discharged as against the reacquiring party and subsequent holders not in due course and if his endorsement has been cancelled is discharged as against subsequent holders in due course as well.
Louisiana jurisprudence provides that possession of a note by the payee, the maker, or any subsequent endorser, is pri-ma facie evidence that he is the true and lawful owner thereof, and he shall be entitled to recover, regardless of any subsequent endorsements in full without producing any receipt or endorsement back from either of such endorsers, whose names he may strike from the note. See Squier v. Stockton, 5 La.Ann. 120 (1850); Allen v. Burnett, 530 So.2d 1294 (La.App. 2d Cir.1988).

Attorney Fees

Because the trial court did not address the issue of attorney fees, the case is remanded for determination of the fee.
For the reasons discussed above, the judgment of the trial court is affirmed. The case is remanded for further proceedings consistent with this opinion and for a determination of the attorney fee.
AFFIRMED AND REMANDED.

. We note that the Civil Code article dealing with conversion from executory proceedings into ordinary proceedings is permissive and not mandatory:
Art. 2644. Conversion to ordinary proceeding
The plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.
The plaintiff in an ordinary proceeding may not convert it into an executory proceeding.

. Comment (d) to La.C.C.P. Article 2635(A)(3) states in part:
“Another situation where additional evidence in authentic form is needed to prove the plaintiffs right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition. Miller, Lyon and Co. v. Cappel, 36 La.Ann. 264 (1884)."
We note that this comment is not applicable because, unlike the plaintiff in Miller, Lyon and Co., Dixie Savings is not a third party transferee. Dixie is in fact the original payee whose right is assailed on the basis that it made a transfer.