CRAIN, J.
12This appeal is from a judgment granting a preliminary injunction and prohibiting the plaintiff from pursuing the judicial sale of certain immovable property subject to a mortgage. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
Wells Fargo Bank, N.A., as Trustee for SABR Trust 2004-OP1, Mortgage Pass-Through Certificates, Series 2004-OP1, filed a petition for executory process against Fredrick Malcolm Settoon seeking to enforce a promissory note executed by Settoon in favor of Option One Mortgage Corporation. The promissory note was secured by a mortgage encumbering certain immovable property, and Wells Fargo requested and obtained a writ of seizure and *759 sale of the immovable property by order signed on July 13, 2010. Wells Fargo’s petition was verified and included two exhibits: (1) the original note, consisting of three pages and a one page document captioned, “ALLONGE TO NOTE,” and (2) a certified copy of the recorded mortgage agreement containing a confession of judgment.
The immovable property was seized on July 14, 2010 but did not proceed to a judicial sale at that time. Approximately two years later, Settoon filed a petition seeking injunctive relief to prevent the judicial sale of the property and asserted the following grounds: (1) the corporate status of Option One, the original creditor, had been suspended by the California Secretary of State since 1990; (2) the allonge was not dated; (3) the signature on the allonge was not notarized; and (4) other than a name, there was no further identification of the person who signed the al-longe or by whom she was employed.
The trial court granted a temporary restraining order and, after a hearing on the request for a preliminary injunction, entered a judgment on October 9, 2012 enjoining Wells Fargo from causing a judicial sale of the immovable property. The trial court issued written reasons basing its judgment on the grounds advanced |3by Settoon.[1] Wells Fargo appealed and argues that the trial court erred because the law does not require that the endorsement of a note be dated or notarized, that Option One’s legal status did not affect the negotiation of the note, and, alternatively, that no evidence was presented of Option One’s corporate status.
LAW AND ANALYSIS
A person seeking to enforce a mortgage in an executory proceeding must file a petition praying for the seizure and sale of the property affected by the mortgage and must submit with the petition authentic evidence of (1) the note, bond, or other instrument evidencing the obligation secured by the mortgage, and (2) the authentic act of mortgage importing a confession of judgment. La.Code Civ. Pro. arts. 2634 and 2635A. The note, bond, or other instrument evidencing the obligation secured by the mortgage and paraphed for identification with the act of mortgage is deemed to be authentic for purposes of executory process. La.Code Civ. Pro. art. 2636(1). Signatures affixed to the instrument secured by the mortgage are presumed genuine, and no further evidence of those signatures is required for the purposes of executory process. La. R.S. 9:4422(1).[2]
The defendant in an executory proceeding may arrest the seizure and sale of the property by injunction when the *760 debt secured by the mortgage is extinguished, or is legally unenforceable, or if the procedure required by law for an exec-utory ^proceeding has not been followed. La.Code Civ. Pro. art. 2751. The applicant for a preliminary injunction need make only a prima facie showing that he will prevail on the merits. Paddison Builders, Inc. v. Turncliff, 95-1753 (La.App. 1 Cir. 4/4/96), 672 So.2d 1133, 1136, writ denied, 96-1675 (La.10/4/96), 679 So.2d 1386. Whether to grant or deny a preliminary injunction lies within the sound discretion of the trial court. Absent a clear abuse of this discretion, the trial court’s ruling will not be disturbed on appeal. City of Baton Rouge/Parish of East Baton Rouge v. 200 Government Street, LLC, 08-0510 (La.App. 1 Cir. 9/23/08), 995 So.2d 32, 36, writ denied, 08-2554 (La.1/9/09), 998 So.2d 726.
We first address the arguments relating to the allonge, namely that the trial court erred in finding that the allonge had to be notarized, dated and contain further information about the employment of the person who signed it. Wells Fargo contends the allonge is part of the note and, therefore, deemed authentic. Wells Fargo further contends that the note was rendered “bearer paper” by a blank indorsement on behalf of Option One, so no authentic evidence of the assignment of the note to Wells Fargo is required. Finally, Wells Fargo contends that Summerville’s signature on behalf of Option One is presumed genuine for purposes of executory process under Louisiana Revised Statute 9:4422(1), so no further evidence of the indorsement is required. Settoon counters by arguing that the note is not bearer paper because the indorsement appears on the allonge, which is not in authentic form and is not a part of the note and, therefore, is not deemed authentic.
These arguments raise two legal issues: (1) is the allonge deemed authentic; and (2) did the indorsement on the allonge convert the note to bearer paper? The crucial question in resolving these issues is whether the allonge was “affixed” to the original promissory note as that term is used in Louisiana Revised Statute 10:3-204(a).
1 rAs a general matter, an allonge is a “piece of paper annexed to a ... promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof....” Pioneer Valley Hosp., Inc. v. Elmwood Partners, L.L.C., 01-453 (La.App. 5 Cir. 10/17/01), 800 So.2d 932, 933, fn. 2 (quoting Black’s Law Dictionary 70 (5th ed.1979)). In the present case, the allonge is a single page document that identifies the note by Settoon’s name, loan number, property address, loan amount, and date. It then provides, “Therefore, in reference to the captioned note, the following applies.... Pay to the order of: [blank space] Without Recourse.” This language is followed by a signature on behalf of Option One by Ulda Summerville, who is identified as an “Assistant Secretary.”
This signature, if effective as an indorsement of the note, constitutes a “blank indorsement” which would render the note bearer paper and subject to negotiation by transfer of possession alone. La. R.S. 10:3-205(b). For purposes of ex-ecutory process, the requirement of authentic evidence does not apply to the transfer of a bearer note. La. R.S. 13:4102A; Terrebonne Bank & Trust Co. v. Smith, 415 So.2d 414, 417 (La.App. 1 Cir.1982); Louisiana Nat. Bank of Baton Rouge v. Heroman, 280 So.2d 362, 371 (La.App. 1 Cir.1973), writ denied, 281 So.2d 755 (La.1973). This principle is true whether the note was originally payable to “bearer” or became bearer paper by virtue *761 of a blank indorsement. Louisiana Nat. Bank of Baton Rouge, 280 So.2d at 371. However, Settoon argues that the note was not converted to bearer paper because the signature appears on the allonge and not the note.[3]
|ñThe validity of a signature on a document attached to a note is addressed in the Uniform Commercial Code at Louisiana Revised Statute 10:3-204(a), which defines the term “indorsement” and provides, in pertinent part:
For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.
Comment 1 to Section 10:3-204(a) references the above statement and explains that an “indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement.” Consequently, Summerville’s signature on the allonge will be considered an indorsement of the note if the allonge is “affixed” to the note. In that event, the signature on the allonge will be presumed genuine for purposes of executory process. See, La. R.S. 9:4422(1). The note would then be considered bearer paper and subject to assignment by transfer of possession alone. La. R.S. 13:4102A; Terrebonne Bank & Trust Co.; Louisiana Nat. Bank of Baton Rouge.
The UCC does not define “affixed,” and our courts have not previously interpreted this word in this context. Section 10:3-204(a) determines when a paper will be considered part of an instrument for purposes of an indorsement, which is an act that can produce significant legal consequences with respect to the instrument, including the negotiation of the instrument, a restriction on the payment of the instrument, or the imposition of indorser’s liability under certain circumstances. See, La. R.S. 10:3-204(a). Given the importance of an indorsement, a signature appearing on a document that was not part of the original instrument increases the need to ensure that the signature was intended to be, and was in fact, an indorsement of that instrument.
We find that the requirement in Section 10:3-204(a) that a paper be “affixed” to the instrument demands that the paper be actually attached to the instrument, meaning some form of physical connection securing the paper to the | instrument. See, In re McFadden, 471 B.R. 136, 173 (D.S.C.5/9/12); Sw. Resolution Corp. v. Watson, 964 S.W.2d 262, 264 (Tex.10/30/97); Lamson v. Commercial Credit Corp., 187 Colo. 382, 385, 531 P.2d 966, 968 (1975); Fed. Home Loan Mortgage Corp. v. Madison, 2011 WL 2690617 (D.Ariz.7/12/11); Black’s Law Dictionary (9th ed.2009) (defining “affix” as “[t]o attach, add to, or fasten on permanently”). The attachment requirement serves two purposes: preventing fraud and preserving the chain of title to an instrument. Sw. Resolution Corp., 964 S.W.2d at 264.
The trial court’s written reasons state that the allonge was “[a]ttached to the original promissory note.” This finding of fact was apparently based upon allegations in Settoon’s petition, which at paragraph V asserts that the allonge was “[attached to the original promissory note.” In his verification filed with the petition, Settoon confirmed under oath that “all the information contained therein is true and correct” to *762 the best of his knowledge, information and belief. At the preliminary injunction hearing, Settoon’s counsel described the al-longe as “attached to this mortgage [sic ].”
We find that Settoon’s allegation in his verified petition is a judicial confession that the allonge was attached to the note. A judicial confession is a declaration made by a party in a judicial proceeding and constitutes full proof against the party who made it. La. Civ.Code art. 1853; C.T. Traina, Inc. v. Sunshine Plaza, Inc., 03-1003 (La.12/3/03), 861 So.2d 156, 159. An admission by a party in a pleading constitutes a judicial confession. C.T Traina, Inc., 861 So.2d at 159; Taboni ex rel. Taboni v. Estate of Longo, 01-2107 (La.2/22/02), 810 So.2d 1142. A judicial confession has the effect of waiving evidence as to the subject of the admission. C.T. Traina, Inc., 861 So.2d at 159. A declaration made by a party’s attorney or mandatary has the same effect as one made by the party himself. La. Civ.Code art. 1853, Comment (b); C.T. Traina, Inc., 861 So.2d at 159. A judicial confession is indivisible and it may be revoked only on the ground of error of fact. La. Civ.Code art. 1853.
In C.T. Traina, a plumbing contractor (Traina) sued the property owner (Sunshine), who filed an exception of no cause of action alleging that any agreement between the parties was an oral contract. Sunshine later repeated the same allegation in a subsequent exception and amended answer. In reversing the court of appeal, the supreme court held that the allegations constituted judicial confessions, explaining:
The court of appeal recognized that Sunshine judicially confessed that it had an oral contract with Traina, but reasoned that Sunshine revoked its admission when it filed a subsequent pleading denying any contractual relationship existed. We disagree. La. Civ.Code art. 1853 explicitly provides that a judicial confession may be revoked only on the ground of error of fact. At no time did Sunshine assert its judicial confession of an oral contract was made in error. To the contrary, Sunshine’s amended answer confirmed Sunshine’s earlier allegation of an oral contract by continuing to allege, in the alternative, that an oral contract existed. Therefore, we must conclude based on the record before us that Sunshine’s judicial confession of an oral contract was never revoked on the ground of error of fact.
Because a judicial confession has the effect of waiving evidence relating to the subject of the admission and withdrawing the subject matter of the confession from issue, Traina was not required to offer at trial affirmative proof of its oral contract with Sunshine.
C.T. Traina, Inc., 861 So.2d at 160.
Settoon’s verified petition judicially confessed that the allonge was attached to the note. Prior to the preliminary injunction hearing, Settoon did not attempt to amend or otherwise modify this allegation for error. We distinguish these facts from those presented to the courts in Eddy v. State Farm and Cas. Co., 09-0874 (La.App. 1 Cir. 12/23/09) and Guidry v. Barras, 368 So.2d 1129, 1132 (La.App. 3 Cir.1979), wherein the party making the allegation attempted to amend the pleading to correct or modify the allegation. Under those circumstances, the courts held that an amendment should be permitted pursuant to Louisiana Code of Civil | procedure articles 934, 1151 and 1155, unless the adversary was misled or deceived. Eddy, at pp. 3-4; Guidry, 368 So.2d at 1132.[4]
*763 Based upon the foregoing, we find that the trial court’s factual finding that the allonge was attached to the note was correct. The allonge, therefore, forms a part of the note; the signature on the allonge is presumed genuine; and no further evidence of the indorsement and assignment of the note is required for this executory process proceeding. La. R.S. 10:3-204(a); La. R.S. 9:4422(1); La. R.S. 13:4102A.
Similarly, Wells Fargo was not required to produce any further evidence of Sum-merville’s identification or her employer. The allonge confirms that the note was indorsed on behalf of Option One “By” Summerville, who is identified by name and position of employment. This provides sufficient evidence of her identity and her employer.
Settoon’s final argument is that ex-ecutory process is improper because the California Secretary of State suspended Option One’s corporate status in 1990. This claim is based on an exhibit attached to Settoon’s petition that the trial court relied upon in rendering its ruling. We find that the corporate status of Option One does not affect the negotiation of the note. Louisiana Revised Statute 10:3-202(a) provides:
Negotiation is effective even if obtained (i) from an infant, a corporation exceeding its powers, or a person without capacity, (ii) by fraud, duress, or mistake, or (iii) in breach of duty or as part of an illegal transaction.
The reason for this law is the protection of the holder of the note, as explained in Comment 2 of Section 3-202:
Subsection (a) applies even though the lack of capacity or the illegality ... is of a character which goes to the essence of the transaction and makes it entirely void. It is inherent in the character | Tnof negotiable instruments that any person in possession of an instrument which by its terms is payable to that person or to bearer is a holder and may be dealt with by anyone as a holder. The principle finds its most extreme application in the well settled rule that a holder in due course may take the instrument even from a thief and be protected against the claim of the rightful owner. The policy of subsection (a) is that any person to whom an instrument is negotiated is a holder until the instrument has been recovered from that person’s possession.
Having established its status as a holder of the original note, Wells Fargo has the right to enforce payment of the obligation regardless of the corporate status of the original payee. See, La. R.S. 10:1— 201(b)(21), 3-205, 3-202, and 3-301.[5]
Settoon failed to identify or establish a valid reason for granting a preliminary injunction to prevent the subject immovable property from proceeding to a judicial sale. We find the trial court erred as a matter of law in granting the preliminary injunction and reverse the judgment rendered on October 9, 2012, and remand for further proceedings in accordance herewith. Costs of this appeal are assessed to Settoon.
REVERSED AND REMANDED.
THERIOT, J., concurs.

. The judgment grants the "Plaintiff’s Petition for Injunctive Relief and enjoins Wells Fargo from "causing a judicial sale” of the subject property "until further order of this Court.” We construe this language as granting the requested preliminary injunction and not a permanent injunction. Granting more than a preliminary injunction would be improper, as the record does not contain a stipulation whereby the parties converted the preliminary injunction hearing into a trial for the permanent injunction. See, High Plains Fuel Corp. v. Carto Int’l Trading, Inc., 93-1275 (La.App. 1 Cir. 5/20/94), 640 So.2d 609, 613, writ denied, 94-2362 (La.11/29/94), 646 So.2d 402.

. Section 4422 was amended by 2012 Act No. 400 to render the statute applicable to any "promissory note, whether negotiable or not_" Prior to this amendment, the statute applied to “any negotiable instrument or instrument that would be negotiable but for a limitation of personal liability of the maker....” The amendment is not material to the current proceeding, as the promissory note at issue is a negotiable instrument and thus subject to either version of the statute.

. Settoon cites Bankers Trust Co. of California, N.A. v. Cooley, 03-1942 (La.App. 1 Cir. 6/25/04), 884 So.2d 594, for the proposition that authentic evidence is required to prove the assignment of a note to use executory process, however nothing in Cooley suggests that the note in that case was bearer paper. To the contrary, the Cooley court cited the law governing the assignment of "order” paper. Cooley, 884 So.2d at 595.

. We express no opinion on Settoon's ability to amend his petition on remand to remove *763 the allegation of attachment for error, so as to revoke the judicial confession for purposes of the trial on the permanent injunction.

. Wells Fargo’s alternative argument that the trial court improperly considered the exhibit purporting to set forth Option One’s corporate status is moot.