| UMB BANK, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST VI | * | NO. 2023-CA-0245 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| VERSUS | | STATE OF LOUISIANA |
| | * * * * * * * | |
| GREGORY SWAFFORD | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-09196, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

*CHASE, J., CONCURS IN THE RESULT*

Ashley E. Morris
DEAN MORRIS, L.L.C.
1505 North 19th Street
Monroe, LA 71201

      COUNSEL FOR PLAINTIFF/APPELLEE

Gregory Swafford
ATTORNEY AT LAW
P.O. Box 820510
New Orleans, LA 70182

      COUNSEL FOR DEFENDANT/APPELLANT

                                    AFFIRMED

                                  NOVEMBER 7, 2023

This is a foreclosure action by executory process. Defendant/appellant, Gregory Swafford ("Swafford"), appeals the August 5, 2021 judgment of the district court, which denied his request for preliminary injunction. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 27, 2020, plaintiff/appellee, UMB Bank, National Association Not In Its Individual Capacity, But Solely As Legal Title Trustee For LVS Title Trust V1 ("UMB Bank"), filed a petition for executory process, seeking to enforce a promissory note executed by Swafford in favor of Velocity Commercial Capital, LLC. The note was secured by a mortgage encumbering certain immovable property. UMB Bank alleged that Swafford ceased making payments due on the note and mortgage.

UMB Bank's petition was verified and included the following relevant exhibits: The first exhibit is the original note, consisting of four pages and a one-

page document captioned, "ALLONGE TO PROMISSORY NOTE."[1] The note,

dated July 16, 2019, is executed by Swafford and made payable to the order of

Velocity Commercial Capital, LLC. The attached allonge is indorsed in blank,[2] and

states:

> This instrument is an Allonge that shall be attached to and made a part of a certain Promissory Note, dated July 16, 2019, executed by Gregory Swafford in favor of Velocity Commercial Capital, LLC (the "Lender").
>
> Pay to the order of [blank space] without recourse.

Below appears the signature of Velocity Commercial Capital, LLC by Mickie

Byron, who is identified as "Post-Closing Manager." The second exhibit is a

certified copy of the recorded mortgage agreement containing a confession of

judgment, executed by Swafford and dated July 16, 2019.

UMB Bank requested and the district court signed an order issuing a writ of

seizure and sale of the immovable property. On May 21, 2021, Swafford filed a

motion for preliminary injunction to arrest seizure and sheriff's sale. According to

Swafford's argument, because the original note was payable to the order of

Velocity Commercial Capital, LLC, UMB Bank cannot avail itself of the executory

---

[1] An allonge is a piece of paper annexed to a negotiable instrument on which to write further indorsements when the original paper is filled with indorsements and no room on the instrument remains. *First Nat. Bank, USA v. DDS Const., LLC*, 11-1418, p. 7 (La. 1/24/12), 91 So.3d 944, 949 n. 11 (quoting Black's Law Dictionary 88 (9th ed. 2009)). The allonge "must be so firmly affixed thereto as to become a part thereof. . . ." *Wells Fargo Bank, N.A. v. Settoon*, 12-1980, p. 5 (La. App. 1 Cir. 6/7/13), 120 So.3d 757, 760 (citing *Pioneer Valley Hosp., Inc. v. Elmwood Partners, L.L.C.*, 01-453, p. 3 (La. App. 5 Cir. 10/17/01), 800 So.2d 932, 933 n. 2)(quotation omitted).

[2] As a general matter, "an indorsement made 'to the order of [blank]' is considered a blank indorsement, thus making the instrument payable to bearer." *Fed. Nat. Mortg. Ass'n v. Thao Thi Duong*, 14-689, p. 8 (La. App. 5 Cir. 2/11/15), 167 So.3d 920, 924 (citing La. R.S. 10:3-109(c) and La. R.S. 10:3-205).

process without attaching to its petition authentic evidence of the assignment of the note. On July 14, 2021, UMB Bank filed an opposition to Swafford's motion for preliminary injunction, arguing that the original allonge, indorsing the note to the order of blank, is sufficient evidence of its right to enforce the note by executory process. Following a hearing on July 22, 2021, the district court denied the request for preliminary injunction. The district court rendered judgment denying the preliminary injunction on August 5, 2021. This appeal followed.

## LAW AND ANALYSIS

**Executory Process and Injunction**

An executory proceeding in Louisiana provides a "simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege." *Deutsche Bank Nat. Tr. Co. v. Carter*, 10-663, p. 6 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286. A creditor may use an executory proceeding to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage evidenced by an authentic act importing a confession of judgment. La. C.C.P. art. 2631. To enforce a mortgage in an executory proceeding, the creditor must file a petition praying for the seizure and sale of the property affected by the mortgage. La. C.C.P. art. 2634. The creditor must submit with the petition authentic evidence of: (1) the note, bond, or other instrument evidencing the obligation secured by the mortgage; and (2) the authentic act of mortgage importing a confession of judgment. La. C.C.P. art. 2635(A).

Code of Civil Procedure Article 2751 permits a defendant to seek an injunction to arrest the seizure and sale of the property under limited circumstances. The grounds for granting an injunction arresting seizure and sale are: (1) "when the debt secured by the security interest, mortgage, or privilege is extinguished"; (2) when the debt secured by the security interest, mortgage, or privilege is "legally unenforceable"; or (3) "if the procedure required by law for an executory proceeding has not been followed." La. C.C.P. art. 2751. The applicant for a preliminary injunction need only make a *prima facie* showing that he is entitled to relief. *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 12-1731, p. 9 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 739. To prevail on a hearing for a preliminary injunction, the applicant must show that: (1) the injury, loss or damage he will suffer if the injunction does not issue may be irreparable; (2) he is entitled to the relief sought; and (3) he is likely to prevail on the merits of the case. *Id.* (quotation omitted).

Ordinarily, the standard of review for a ruling granting or denying a preliminary injunction is whether the district court abused its discretion. *Id.*, 12-1731, p. 10, 126 So.3d at 739. That standard is "based upon a conclusion that the [district] court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion." *Id.* Legal issues regarding the grant or denial of a preliminary injunction are reviewed *de novo* on appeal. *Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc. v. Price*, 21-0430, p. 6 (La. App. 4 Cir. 12/15/21), 333

4

So.3d 1280, 1284, *writ denied*, 22-00101 (La. 3/15/22), 334 So.3d 396, and *cert.*

*denied*, 143 S.Ct. 452, 214 L.Ed.2d 257 (2022).

**Authentic Evidence**

Swafford raises a legal issue on appeal: whether the district court erred in

denying a preliminary injunction where "the procedure required by law for an

executory proceeding has not been followed." *See* La. C.C.P. art. 2751. He argues

that UMB Bank was required to, and did not, attach to its petition authentic

evidence of the assignment of the note.[3] He relies on *Miller, Lyon & Co. v. Cappel*,

36 La. Ann. 264, 264 (1884), and its progeny[4] for the premise that "every

---

[3] Swafford lists four assignments of error, all of which address whether authentic evidence of the assignment of the note is required for UMB Bank to avail itself of the executory process. He sets forth his assignments as follows:

    1.  The Trial Court committed error when it issued an order of seizure and sale where Appellant made a *prima facie* showing that there was a lack of authentic evidence of the assignment to justify resort to executory process.

    2.  Whether the trial court issuance of the writ of seizure and sale was an absolute nullity and void *ab initio* where mortgagee did not attach authentic evidence of the assignment to justify resort to executory process.

    3.  The Trial Court committed error where it based its denial of the request for injunctive relief on the premise that LSA R.S. 13:4102(A) has dispensed with the requirement of authentic evidence of the assignment of a note which originated as order paper to justify resort to executory process.

    4.  The Trial Court committed error where it based its denial of the request for injunctive relief on the premise that the adoption of Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.) has dispensed with the requirement of authentic evidence of the assignment of a note which originated as order paper and endorsed in blank to justify resort to executory process.

[4] *See Aetna Life Ins. Co. v. Lama Trusts*, 28,328, p. 5 (La. App. 2 Cir. 5/8/96), 674 So.2d 1086, 1089; *Bankers Tr. Co. of California, N.A. v. Cooley*, 03-1942, p. 3 (La. App. 1 Cir. 6/25/04), 884 So.2d 594, 595; *Colonial Fin. Serv., Inc. v. Stewart*, 481 So.2d 186, 189 (La. App. 1st Cir. 1985); *Fabacher v. Hammond Dairy Co.*, 389 So.2d 87, 91 (La. App. 4th Cir. 1980); *Am. Sec. Bank of Ville Platte v. Deville*, 368 So.2d 167, 170 (La. App. 3d Cir. 1979); *Reed v. Meaux*, 292 So.2d

muniment of title, and every link of evidence must be in the authentic form" to permit a creditor to avail itself of the executory process. He disputes that subsequent legislation dispensed of requiring the creditor to produce with its petition authentic evidence of assignment of the note. He contends that, regardless of whether the note is indorsed in blank and converted to bearer paper, authentic evidence of the transfer of the bearer paper is required to enable the holder to foreclose by executory process.

UMB Bank counters that, by producing the note, indorsed in blank, along with the certified authentic act of mortgage importing a confession of judgment, it conclusively established its right to foreclose by executory process. UMB Bank also argues that no assignment is required when the note is indorsed in blank. Further, it contends that all indorsements on the note are presumed valid and no further evidence of those signatures is required.

We examine the current evidentiary standard for executory process. Following the 1989 amendments to the executory process provisions, La. C.C.P. art. 2635 no longer requires that every document submitted in support of a petition for executory process need be in authentic form. *Tanner v. Succession of Bourland*, 52,918, p. 9 (La. App. 2 Cir. 11/20/19), 285 So.3d 104, 110. Rather, to prove it has the right to use the executory process:

> it is necessary only for the plaintiff to submit with his petition authentic evidence of:

557, 560 (La. 1973); *Margolis v. Allen Mortg. & Loan Corp.*, 268 So.2d 714, 715 (La. App. 4th Cir. 1972).

6

(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.

(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.

La. C.C.P. art. 2635(A)(1)-(2).[5]

Louisiana Revised Statute 9:4422, enacted in 1989 and amended in 2012, governs the evidentiary standard where the party bringing the action for executory process is the transferee, assignee, or pledgee of any promissory note:

(1) All signatures of the following persons or entities are presumed to be genuine and no further evidence is required of those signatures for the purposes of executory process: endorsers, guarantors, and other persons whose signatures appear on or are affixed to such instrument secured by the mortgage or privilege.

(2) **The assignment**, pledge, negotiation, **or other transfer of any obligation secured by a mortgage** or privilege **may be proven by any form of private writing, and such writing shall be deemed authentic for the purposes of executory process.**

(3) **The holder of any promissory note**, whether negotiable or not, and any negotiable instrument under this Section **may enforce the mortgage or privilege securing such instrument without authentic evidence of the signatures, assignment, pledge, negotiation, or transfer thereof.**

La. R.S. 9:4422 (emphasis added).

In this matter, the original note has an attached allonge, indorsed in blank, which is affixed to and made a part of the note.[6] "When a negotiable instrument

---

[5] Swafford argues that La. C.C.P. art. 2635 still requires authentic evidence of "[a]ny judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process." However, this language is a quote from *Deville*, 368 So.2d at 170, and cites to Article 2635 as it read in 1979, prior to the 1989 amendment.

[6] Swafford admits, both in his memorandum in support of preliminary injunction and in his appellate brief, that the allonge is "attached and made a part of the note." Under La. R.S. 10:3-

7

has been indorsed 'in blank,' this means that no specific person has been identified as the payee." *U.S. Bank Tr. Nat'l Ass'n, as Tr. of Lodge Series III Tr. v. Parks*, 22-56, p. 5 (La. App. 5 Cir. 11/2/22), 353 So.3d 228, 232. An instrument that is payable to an identified person may become payable to the bearer of that instrument if it is indorsed in blank as provided in the Louisiana Commercial Code. *Id.* (citing La. R.S. 10:3-205(b)). The Commercial Code pronounces that when an instrument is indorsed in blank, it becomes bearer paper, payable to bearer, and the instrument may be negotiated by transfer of possession alone:

> (a) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. . . .
>
> (b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." **When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.**

La. R.S. 10:3-205 (emphasis added).

Swafford insists that UMB Bank's possession of the bearer note, without authentic evidence of the note assignment, is insufficient to prove his right to enforce the note by executory process. This argument ignores the current law.

---

204, which defines indorsement, "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." "An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement." La. R.S. 10:3-204, cmt. (1). The court in *Settoon*, 12-1980, pp. 6-7, 120 So.3d at 761, found that "affixed" means attached through physical connection securing the paper to the instrument. Consequently, a defendant's admission that the allonge is attached to the note constitutes a judicial confession that the allonge is "affixed" to the instrument and made a part of the instrument. *Id.*, 12-1980, pp. 7-8, 120 So.3d at 762.

Under La. R.S. 13:4102(A), where the note is bearer paper, authentic evidence of the assignment of the note is not required to enable the holder to foreclose by executory process. That section provides:

> Whenever the holder of bearer paper, such as a note, bond, or other instrument evidencing an obligation secured by a mortgage or privilege on movable or immovable property, seeks to foreclose by executory process, all requirements for authentic evidence regarding the transfer, assignment, pledge, or negotiation shall be inapplicable, provided that all other requirements for authentic evidence have been satisfied.

La. R.S. 13:4102(A).

Moreover, courts have rejected the argument that, where the note originated as order paper, authentic evidence of the blank indorsement was necessary for the creditor to proceed by executory process:

> For purposes of executory process, the requirement of authentic evidence does not apply to the transfer of a bearer note. La. R.S. 13:4102A; *Terrebonne Bank & Trust Co. v. Smith*, 415 So.2d 414, 417 (La. App. 1 Cir. 1982); *Louisiana Nat. Bank of Baton Rouge v. Heroman*, 280 So.2d 362, 371 (La. App. 1 Cir. 1973), *writ denied*, 281 So.2d 755 (La. 1973). This principle is true whether the note was originally payable to "bearer" or became bearer paper by virtue of a blank indorsement. *Louisiana Nat. Bank of Baton Rouge*, 280 So.2d at 371.

*Wells Fargo Bank, N.A. v. Settoon*, 12-1980, p. 5 (La. App. 1 Cir. 6/7/13), 120 So.3d 757, 760-61.

Swafford nevertheless asserts that authentic evidence of the transfer of the note is still required under the current law because comment (d) of the 1960 official revision comments to La. C.C.P. art. 2635 cites to *Miller, Lyon & Co.*, *supra*. The relevant portion of the comment reads as follows:

9

Another situation where additional evidence in authentic form is needed to prove the plaintiff's right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition. *Miller, Lyon & Co. v. Cappel*, 36 La.Ann. 264 (1884). **Of course, if the mortgage note is made payable to the order of the mortgagor and by him endorsed in blank, and the act of mortgage so recites, no authentic evidence of the transfer by the mortgagee is required.** *Miller, Lyon & Co. v. Cappel*, *supra*.

(Emphasis added).

Courts interpreting this comment have rejected the argument that current Louisiana law requires authentic evidence of a blank indorsement. In *First Nat. Bank of Lafayette v. Gaddis*, 250 So.2d 504, 510 (La. App. 3d Cir. 1971), the court recognized, under La. C.C.P. art. 2635 "and the comment relating to that article, that no authentic proof, other than the act of mortgage itself, is needed to show the endorsement or transfer of the note and thus to entitle the holder to use executory process." Recently, citing to *Gaddis*, *supra*, and La. C.C.P. art. 2635 cmt. (d), the court in *Parks*, 22-56, p. 6, 353 So.3d at 233 acknowledged that, as per La. R.S. 9:4422, authentic evidence of how the creditor came into procession of the note was not necessary to establish that it had standing to bring the action for executory process.[7]

---

[7] Another recent panel of the Louisiana Fifth Circuit Court of Appeal likewise reiterated that La. R.S. 9:4422(2) now provides that a private writing evidencing a transfer of a promissory note is deemed authentic for executory process purposes. *U.S. Bank Nat'l Ass'n as Tr. for CIM Tr. 2018-R5 Mortg.-Backed Notes, Series 2018-R5 v. Owen*, 22-588, p. 5 (La. App. 5 Cir. 9/20/23), ---- So.3d ----, ----, 2023 WL 6139416 at *3. The court further found that La. R.S. 9:4422 supersedes the authentic evidence requirements announced in *Miller, Lyon & Co.*, *Lama Trusts*,

In summary, UMB Bank filed a petition for executory process asking for an order of seizure and sale of the property, and attached the original note, affixed with blank indorsement, and a certified copy of the mortgage. In doing so, UMB Bank complied with the procedures to foreclose by executory process. Swafford presented no evidence to the contrary, and the argument he relies upon no longer represents the current state of Louisiana commercial law. Consequently, Swafford failed to satisfy his burden to prove any of the limited grounds for injunction of the seizure and sale, and we find no legal error or abuse of the district court's discretion in denying the injunction.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we affirm the judgment of the district court.

**AFFIRMED**

---

*Cooley*, *Stewart*, and *DeVille*. *Id.*, 22-588, pp. 5-6, 2023 WL 6139416 at *3-4 & n. 5; *contrast supra* note 4.