481 So.2d 186 (1985)
COLONIAL FINANCIAL SERVICE, INC.
v.
Harrison STEWART and Julia Mae Beals Stewart.
No. 85 CA 0153.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*187 Ednayliffe Latchem, Baton Rouge, for Colonial Financial Service, Inc.
David L. Dirks, Baton Rouge, for Harrison Stewart and Julia Mae Beals Stewart, appellee.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment enjoining the seizure and sale of mortgaged property by executory process.

FACTS
Colonial Financial Service, Inc. (Colonial) filed this executory process against Harrison Stewart and Julia Mae Beals Stewart to enforce a mortgage with an alleged net balance of $6,550.72, together with interest and attorney's fees, affecting certain immovable property located in Ascension Parish, Louisiana. To its petition for executory process, Colonial attached the mortgage note, a certified copy of the mortgage, and five acts of assignment of the mortgage. A writ of seizure and sale was issued pursuant thereto.
Defendants filed a petition for injunction, contending that plaintiff was not entitled to proceed by executory process because of lack of authentic evidence to support such a right to use executory process. Specifically, defendants contend that executory process is unavailable to plaintiff because *188 of the following: (1) material discrepancies between the note and mortgage with reference to interest, the balance of the note, and the provisions for attorney's fees; (2) the failure of plaintiff to submit with its petition authentic evidence of an authentic act importing a confession of judgment; (3) the failure of the assignee of the first act of assignment to accept the assignment; and, (4) the failure of plaintiff to submit authentic evidence of assignment of the mortgage or promissory note. Defendants also sought damages.
The trial judge issued a temporary restraining order. After a hearing on the injunction, the trial judge granted the injunction and awarded defendants $300.00 in damages. From this judgment, Colonial appeals, raising the following issues:
(1) Is executory process available according to Article 2635 of the Louisiana Code of Civil Procedure when there is a variance between the recitals of the note and of the mortgage regarding the obligation to pay attorney's fees without that variance first being corrected as a clerical error before the notary before whom the mortgage was passed; and,
(2) Is executory process available when the act of assignment and endorsement of a mortgage note payable to order is in authentic form and correctly identifies the note and mortgage by which it is secured, but is not paraphed to the note.
The first issue raised concerns the availability of executory process when the recitals in the note and mortgage vary regarding the obligation to pay attorney's fees.
In the case sub judice, the note provides for attorney's fees of twenty-five percent of the principal and interest, in the event the note is not timely paid and must be placed in the hands of an attorney for collection. The mortgage, however, is silent as to attorney's fees.
The trial judge determined that before Colonial can proceed via executory process, the notary before whom the mortgage was passed must certify that the variance between the recitals of the note and mortgage is due to clerical error under LSA-R.S. 13:4104.[1] The notary before whom the note and mortgage were passed is deceased. The trial judge found that because it was impossible to cure the defect, Colonial could not prove its right to proceed by executory process. Accordingly, the trial judge refused to allow Colonial to proceed via executory process and granted defendants an injunction.
The use of executory process requires strict adherence to the requirements thereof. LSA-C.C.P. art. 2635 provides, in pertinent part, as follows:
A variance between the recitals of the note and of the mortgage regarding the obligation to pay attorney's fees shall not preclude the use of executory process.
This Court has concluded that this article, as amended in 1981, permits the use of executory process where there is a variance in attorney's fees between the mortgage and the hand note. Terrebonne Bank & Trust Co. v. Smith, 415 So.2d 414 (La.App. 1st Cir.1982). Although LSA-R.S. 13:4104 requires notarial correction of variances between the collateral mortgage and the hand note due to clerical errors, LSA-C.C.P. art. 2635 specifically addressing attorney's fees variances does not.
In the case sub judice, the only variance evidenced is one dealing with attorney's fees. As such, the variance of the recitals in the note and mortgage regarding the obligation to pay attorney's fees cannot defeat Colonial's right to use executory process. LSA-C.C.P. art. 2635. Accordingly, we find the trial court erred in denying same.
*189 The second issue presented on appeal is whether acts of assignment and endorsement of a note and mortgage, which are in authentic form and which correctly and specifically describe and identify the note and mortgage, must be paraphed with the note to support the use of executory process.
The trial judge determined that the failure to paraph the note with the act of assignment and endorsement is fatally defective and precludes Colonial from proceeding by executory process. We disagree.
LSA-C.C.P. art. 2635 further provides, in part, as follows:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process.
The official comments to LSA-C.C.P. art. 2635 provide that "[t]he requirement of authentic evidence to support every link in the necessary chain of evidence in an executory proceeding is the very foundation of executory procedure."
No special form or words is required to constitute a valid assignment, and any language, however informal, will be sufficient to vest the property in the assignee, if the assignment shows the intention of the owner of the property to transfer it. Producing Man. Co., Inc. v. Broadway Theater League, 288 So.2d 676 (La. App. 4th Cir.1974). Authentic evidence of the assignment and endorsement of an order note, however, is required to support the use of executory process. American Sec. Bank of Ville Platte v. Deville, 368 So.2d 167 (La.App. 3rd Cir.1979).
No statute or jurisprudence requires an authentic act of assignment and endorsement of the note and mortgage to be paraphed with the note it identifies and transfers. To the contrary, LSA-R.S. 9:5305 provides as follows:
The notes, bonds, or other obligations secured by the mortgage need not be paraphed if the act of mortgage identifies them by date, number, amount, and date when payable.
The courts have consistently interpreted this statute as authority for the proposition that a note need not be paraphed if it can be identified in all respects with the act of mortgage so that there can be no doubt that the two instruments are in fact related and that one stands as security for the other. Pepper v. Dunlap, 16 La. 163 (1840); See Babin v. Winchester, 7 La. 460 (1834); U-Finish Homes, Inc. v. Lanzl, 202 So.2d 339 (La.App. 1st Cir.1967).
In the case sub judice, the acts of assignment and endorsement are in authentic form and correctly and specifically identify the note with sufficient detail that there can be no doubt that the instruments are related, despite the fact that they are not paraphed for identification with the note. Therefore, Colonial has established its right to use executory process in that the chain of evidence is self-proving as required by LSA-C.C.P. art. 2635, and the trial judge erred in precluding Colonial from proceeding via executory process.

CONCLUSION
For the above reasons, the judgment of the trial court granting defendants an injunction and awarding Three Hundred Dollars ($300.00) in damages is reversed. The case is remanded to the trial court for proceedings consistent with the reasons *190 herein. Costs of the appeal are to be paid by defendants.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 13:4104 provides:

The right to an order for executory process shall exist when there is a variance between a notarial act of mortgage and the note or notes issued in connection therewith, when such variance is due to a clerical error and the fact that such variance is so due is certified on the note or notes or on the act of mortgage, or both, over the official signature of the notary before whom the mortgage was passed.