11 GASKINS, Judge.
The plaintiff, Aetna Life Insurance Company, sought to seize and sell a house belonging to the defendants, the Lama Trusts, and occupied by James and Marian Malone La-tham, the beneficiaries and settlors of the trust. The plaintiff claimed it acquired by assignment a promissory note executed by the trust and secured by a mortgage on the house and that the defendants defaulted on the note payments. The defendants made application for a preliminary and permanent injunction to arrest the executory proceedings, arguing that the plaintiff did not properly serve the trust or the Lathams with notice of the proceedings. The defendants also argued that the plaintiffs failed to par-aph the promissory note for identification with the act of assignment, as specified in the act. Therefore, the defendants argue that the plaintiff failed to establish the chain of evidence necessary to proceed by executory process. The trial court agreed that the defendants had not been properly served and granted a preliminary injunction on that basis, effective until proper service was made. The trial court rejected the defendants’ argument that the failure to paraph the note with *1088 the act of assignment created a missing link in the chain of evidence necessary to establish the plaintiffs right to proceed by execu-tory process. The defendants appeal that portion of the trial court ruling.
FACTS
On August 31, 1978, the Lama Trusts[1] executed a promissory note for $200,000 to Blaylock Investment Corporation, secured by a mortgage on a house owned by the trust and occupied by the beneficiaries and settlors of the trust, James and Marian Latham. On that same date, Blaylock Investment Corporation assigned the note to Aetna Life Insurance Company by authentic act.
|2In early 1993, the Lama Trusts ceased making the payments on the note. On November 12, 1993, Aetna filed a petition for executory process, seeking to seize and sell the house, and naming the Lama Trusts as the defendant. On September 23, 1994, the plaintiffs amended their petition to add James and Marian Latham as defendants.
The plaintiffs had difficulty obtaining service of process on the Lathams and on the tpstee. The trustee at the time of the execution of the mortgage and note, Frank S. Kennedy, had been replaced prior to the filing of the present suit. Service was attempted on several people as trustee. Eventually curators were appointed to represent some of the alleged trustees. On March 29, 1995, the plaintiffs filed a motion to appoint a curator for the Lathams. The sale of the property was set for May 17,1995.
On May 11, 1995, the Lathams filed an application for a preliminary and permanent injunction to arrest the executory proceedings. The Lathams alleged that the plaintiff failed to prove its right to executory process by authentic evidence. The Lathams argued that the act of assignment states that the note was paraphed for identification with the mortgage and separately for identification with the assignment when, in fact, it was not. They also argued that they were not provided with notice of the executory proceedings in accordance with law. They contended that they occupied the house at issue here and did business in Shreveport and yet they were never served with notice of the executory proceedings.
On May 15, 1995, the Lama Trusts, through its trustee, Stuart B. Spradley, filed an application for preliminary and permanent injunction, asserting the same arguments as the Lathams, and asserting that Mr. Sprad-ley, as trustee, and had not been properly served with notice of the executory proceedings.
|8On May 16, 1995, a hearing was held on the application for preliminary injunction. The trial court ruled that the plaintiff was enjoined from going forward with a sheriffs sale until personal or domiciliary service was made on the Lathams and on Mr. Spradley, as the trustee of the Lama Trusts. The trial court rejected the Latham’s argument that the plaintiff was not entitled to executory process because the note was not paraphed for identification with the act of assignment of the note, as stated in the act of assignment. The defendants appealed the trial court ruling.
PARAPH OF NOTE WITH ACT OF ASSIGNMENT
On appeal, the defendants argue that the trial court erred in denying the application to enjoin the executory proceedings on the ground that the evidence submitted with the petition was insufficient. The defendants argue that the authentic act of assignment of the note states that the promissory note is paraphed “ne varietur” for identification with the act, but it is not so paraphed. The defendants concede that it is not necessary for the note to be paraphed with the act of assignment. However, they contend that because the act of assignment in this case states that the note is paraphed when in fact it is not, there is a significant variance between the note and the act of assignment, precluding the use of executory process. This argument is without merit.
*1089 Legal Principles
Executory process is an accelerated procedure whereby a mortgage creditor may provoke the sale of encumbered property to satisfy his mortgage. Moore v. Louisiana Bank and Trust Company, 528 So.2d 606 (La.App. 2d Cir.1988), writ denied 531 So.2d 269 (La.1988). Executory process, entitling a creditor to seize the debtor’s property without citation or the usual delays or formal judgment, is regarded as a harsh remedy, requiring for its use a strict compliance by the creditor with the letter of the law. Reed v. Meaux, 292 So.2d 557 (La.1973); Moore v. Louisiana Bank and Trust Company, supra. Executory process cannot be had if nonauthentic evidence is required to establish that the note sued on is the debt for which the judgment is confessed and mortgage given. Hibernia National Bank v. Johnson, 438 So.2d 1338 (La.App. 4th Cir.1983), writ denied 443 So.2d 581 (La.1983).
The evidence that a plaintiff must submit to prove the right to proceed by executory process is set forth in La.C.C.P. Art. 2635 which provides:
A. In order for a plaintiff to prove his right to use executory process to enforce the mortgage, security agreement, or privilege, it is necessary only for the plaintiff to submit with his petition authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
(3) The act of mortgage or privilege in movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
B. This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney’s fees shall not preclude the use of executory process.
This article was amended in 1989 to provide that authentic evidence is required only of the mortgage and note. Prior to that time, the article specified that the plaintiff must also submit “authentic evidence of any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiffs right to use executory process.” The defendants point out that, in amending the provision, the legislature stated that it intended that the “preexisting Louisiana laws, including without limitation the various statutes and code articles amended and reenacted under the Act, not be expressly or impliedly repealed by Chapter 9 of the Louisiana Commercial Laws, but that such laws remain in effect and be applied to preexisting secured transactions.” The defendants argue that because | sthe mortgage and note in this case were executed in 1978, the law prior to the 1989 amendment to the provision applies to this case. This argument is of no moment because, even applying the prior law, there is no requirement that the note be paraphed with the act of assignment.
La.R.S. 9:5305 provides:
The notes, bonds, or other obligations secured by the mortgage need not'be par-aphed if the act of mortgage identifies them by date, number, amount, and date when payable.
Colonial Financial Service Inc. v. Stewart, 481 So.2d 186 (La.App. 1st Cir.1985), interpreted this provision to mean that where an act of assignment and endorsement of a mortgage note are in authentic form and correctly identify the note and the mortgage by which it is secured, but are not paraphed to the note, executory process is available. That court reasoned that no special form or words are required to constitute a valid assignment, and any language, however informal, will be sufficient to vest the property in the assignee, if the assignment shows the intention of the owner of the property to transfer it. Authentic evidence of the assignment and endorsement of an order note is required to support the use of executory process. However, no statute or jurisprudence requires an authentic act of assignment and endorsement of the note and mortgage to be paraphed with the note it *1090 identifies and transfers. Colonial Financial Service Inc. v. Stewart, supra.
As stated above, the defendants recognize that, based upon the reasoning in Colonial Financial Service Inc. v. Stewart, supra, it was not necessary for the note to be par-aphed with the act of assignment. Rather, they argue that, because the act of assignment states that the note is paraphed with the act when in fact, it is not, there is a significant variance between the act of assignment and the note, precluding the use of executory process. The defendants contend that because of 16this variance, extrinsic evidence is necessary to conclude whether the note is the one conveyed by the act of assignment.
Therefore, the issue in this case is whether the variance between the act of assignment and the note is so significant that it is not possible, without the use of “nonauthentic” evidence, to determine that the note submitted by the plaintiff is the one transferred in the act of assignment. After examining the note and the act of assignment submitted by the plaintiff in this case, we find that the incorrect statement in the act of assignment that the note is paraphed with it does not operate to defeat the use of executory process.
Discussion
As outlined above, there is no requirement in the law that a promissory note be par-aphed for identification with an act of assignment. The inquiry before this court is whether the authentic evidence submitted by the plaintiff with its petition for executory process established that the note submitted by the plaintiff is the same note acquired by the plaintiff in the act of assignment. On the face of this record, and without consideration of extrinsic evidence, there is no question that the note submitted by the plaintiff is the note acquired by the plaintiff in the act of assignment. The incorrect statement that the note is paraphed with the act of assignment is not such a significant variance as to defeat the use of executory process.
The note was executed on August 31, 1978 to Blaylock Investment Corporation for $200,000, with interest at the rate of nine and seven-eighths percent per annum, payable in consecutive monthly installments of $1,738 each, beginning October 1, 1978 and continuing until paid in full on September 1, 2008. The note states that it is secured by a mortgage, dated August 31, 1978 on property located at 6936 Gilbert Drive. The note is then marked “ne varietur” for 17identification with an act of mortgage and is signed by the notary public, Dorothy McBee Finney. The note is endorsed on the back by James La-tham and Marian Malone Latham and is endorsed to Aetna Life Insurance Company, without recourse, by Charles S. Blaylock, Vice-President of Blaylock Investment Corporation.
The mortgage is dated August 31, 1978 and was executed by the Lama Trusts and the Lamar Trusts, represented by the trustee, Frank S. Kennedy. In the mortgage it is acknowledged that the trust is indebted to Blaylock Investment for $200,000 with interest at nine and seven-eighths percent per annum, evidenced by the note dated August 31, 1978 and paraphed “ne varietur” by the notary for identification with the mortgage. The mortgage specifies that the note provides for monthly payments of $1,738 beginning October 1, 1978 and continuing until September 1, 2008. The mortgage then describes the property securing the note and states that the property address is 6936 Gilbert Drive. The mortgage is signed by James and Marian Latham, by Frank S. Kennedy as trustee of the Lama Trusts and the Lamar Trusts, and by two witnesses. The mortgage is notarized by Dorothy McBee Finney. The mortgage was recorded under number 768203 of the records of Cad-do Parish.
The assignment of the note was also executed on August 31, 1978, before the notary public, Dorothy McBee Finney, and states that Charles Blaylock appearing as vice-president of Blaylock Investment Corporation, sold, assigned, transferred and delivered, without recourse, to Aetna Life Insurance Company, a promissory note in the amount of $200,000 dated at Shreveport, Louisiana on August 31, 1978, payable to the order of Blaylock Investment Corporation, bearing interest at the rate of nine and seven-eighths percent per annum, payable in monthly in *1091 stallments of $1,738 each, payable until September 1, 2008, the note being | gexecuted by Frank Kennedy as trustee for the Lama Trusts and the Lamar Trusts and endorsed by James Arthur Latham and Marian Malone Latham. The assignment further specifies that the note conveyed is secured by a mortgage executed by the Lama Trusts and the Lamar Trusts by the trustee, Frank S. Kennedy, to Blaylock Investment Corporation, executed before the notary public, Dorothy McBee Finney, on August 31, 1978, and registered under number 768203 of the records of Caddo Parish.
A comparison of the note, the mortgage and the act of assignment show that the note and mortgage are extensively described in the act of assignment. The three documents were all executed on the same date, before the same notary public. The amount of the note is identical in the three documents as well as the interest rate, the amount of the monthly payment, the date of the initial payment and the date of the final payment. The property description is consistent in the three documents and the recordation number of the mortgage is consistent on the mortgage and in the act of assignment of the note. From the face of the documents it can be determined that the note is the one assigned to the plaintiff by Blaylock Investment Corporation and the note is secured by the mortgage given by the defendants on the property at issue in this case. In this case, the failure of the notary to paraph the note for identification with the act of assignment does not create such a significant variance as to defeat the use of executory process. See and compare Hibernia National Bank v. Johnson, supra; France v. American Bank, 505 So.2d 1175 (La.App. 5th Cir.1987), writ denied 512 So.2d 439 (La.1987); U-Finish Homes Inc. v. Lanzl, 202 So.2d 339 (La.App. 1st Cir.1967). Therefore, we find that the trial court was correct in rejecting the defendants’ application for an injunction based upon their assertion that the plaintiff failed to properly establish its right to the use of executory process.
1 ¡CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court, in favor of the plaintiff, Aetna Life Insurance Company, and rejecting the application for injunction by the defendants, the Lama Trusts and James and Marian Latham. We reject, as did the trial court, the argument by the defendants that the plaintiff failed to establish its right to proceed by executory process in this case. The matter is remanded to the trial court for further proceedings. Costs in this court and in the court below are assessed to the defendants.
AFFIRMED.

. The note and mortgage were executed by the Lama Trusts and the Lamar Trusts by the trustee, Frank S. Kennedy. It appears that the Lama Trusts and/or the Lathams are the owners of the property in this case.