I ¡.DOWNING, J.
Bankers Trust Company of California, N.A., as Trustee for Manufactured Housing Series 97-2 (Bankers Trust), plaintiff/appellant, appeals a judgment in favor of Darlene Wheeler Cooley permanently enjoining Bankers Trust from proceeding by executory process to enforce a mortgage against her. The judgment reserved Bankers Trust’s right to proceed via ordi-naria. For the following reasons, we affirm the judgment of the trial court.
The sole issue in this appeal as framed by the appellant is, “[wjhether ex-ecutory process is proper where the assignment of the note is lost and there is no authentic evidence of the chain of assignments.” Here, Bankers Trust is seeking to enforce a mortgage by executory process against Ms. Cooley. The mortgage note was assigned to Bankers Trust, who reassigned it to Manufactured Housing Series 97-2. Bankers Trust acknowledges, however, that the original of the assignment from it to Manufactured Housing Series 97-2 was lost and was not recorded in the public records of Tangipahoa Parish.
On appeal, Bankers Trust argues that La. C.C.P. art. 2635 allows it to use execu-tory process without authentic evidence of the assignment since the code article does not require it. Specifically, this article provides:
A. In order for a plaintiff to prove his right to use executory process to enforce the mortgage, security agreement, or privilege, it is necessary only for the *595 plaintiff to submit with his petition authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
(2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
13(3) The act of mortgage or privilege on movable property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
B.This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney’s fees shall not preclude the use of executory process.
While this code article does not specifically require authentic evidence of an assignment before executory process can be utilized, this principle is well established in Louisiana law. In Aetna Life Ins. Co. v. Lama Trusts, 28,328, p. 5 (La. App. 2 Cir. 5/8/96), 674 So.2d 1086, 1089, the court recited that, “Authentic evidence of the assignment and endorsement of an order note is required to support the use of executory process.” See also Colonial Financial Service, Inc. v. Stewart, 481 So.2d 186, 189 (La.App. 1 Cir.1985) and American Sec. Bank of Ville Platte v. Deville, 368 So.2d 167, 169 (La.App. 3 Cir. 1979). Comment (d) to La. C.C.P. art. 2635 provides in pertinent part as follows:
(d) Another situation where additional evidence in authentic form is needed to prove the plaintiffs right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition. Miller, Lyon & Co. v. Cappel, 36 La. Ann. 264 (1884).
Comment (a) to La. C.C.P. art 2637 summarizes the relevant application of Article 2635 as follows: “The requirements of authentic evidence, under the cases cited in the Comments under Art. 2635, supra, are limited to evidence of: ..., (3) the plaintiffs right to enforce the mortgage or privilege under the executory process.”
| ¿Even so, Bankers Trust argues La. C.C.P. art. 2637 D exempts them from the need for authentic evidence of its assignment.[1] La. C.C.P. art. 2637 D provides as follows:
D.Evidence of a name change, merger, purchase and assumption, or similar disposition or acquisition, of a financial or lending institution may be proved by a verified petition or supplemental petition, or by an affidavit or affidavits submitted therewith by an appropriate officer of the successor entity.
However, Comment (c) to La. C.C.P. art 2637 explains that this paragraph refers to proving the identity of the defendant, not the plaintiff, as follows:
*596 (c) The last two paragraphs of the article [of which “D” is one] cover the cases where it is necessary to prove the right of plaintiff to proceed against the defendants named where actually no evidence could be obtained easily to prove that these parties are the proper defendants. In these instances it is necessary to require only the submission of a certified copy of the judgment of possession, or the letters, to establish a presumption that the parties sued are the proper defendants.
Louisiana Code of Civil Procedure art. 2751 allows a defendant in an executory proceeding to arrest the seizure and sale of property by an injunction when the procedure required by law for an executo-ry proceeding has not been followed. Since Bankers Trust did not follow the procedure required by law by producing authentic evidence of the assignment from Bankers Trust to Manufactured Housing Series 97-2, the trial court did not err in enjoining the use of executory proceedings against Ms. Cooley.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court. Costs are taxed to Bankers Trust. We issue this memorandum opinion in compliance with Uniform Rules — Courts of Appeal, Rule 2-16.1. B.
AFFIRMED.

. Bankers Trust also argues that La. R.S. 9:4422 also exempts it from the need for authentic evidence of an assignment when employing executory process. By its terms, however, this statute is limited to instances where an instrument subject to executory process would be negotiable “but for a limitation of personal liability of the maker or any comaker secured by a mortgage or privilege.” This limitation is absent from the instruments before us. Therefore, La. R.S. 9:4422 has no application in this matter.