WHIPPLE, C.J.,
dissenting.
lilt is well-recognized law that executory process to enforce a mortgage is a unique and harsh remedy requiring strict Construction. Moore v. Louisiana Bank & Trust Co., 528 So.2d 606, 609 (La.App. 2 Cir.1998). Indeed, the conditions necessary to satisfy the use of the unique and harsh remedy of executory process have been described by the Louisiana Supreme Court as follows:
A writ of seizure and sale in Louisiana is issued by a judge of a court of proper venue. To justify the issuance of the writ, the plaintiff must make a proper showing to the reviewing judge.
The judge must satisfy himself that the plaintiffs petition is supported by au *47 thentic evidence of (1) the instrument evidencing the mortgagor’s indebtedness; (2) the Act of Mortgage or privilege containing a confession of judgment; and (3) any other instruments necessary to complete proof of plaintiffs right to use executory process. Buckner v. Carmack, 272 So.2d 326, 330 (La. 1973)
In this matter, the trial court found that proceeding by executory process was improper because U.S. Bank’s evidence was insufficient to support its use of this expedited procedure. Specifically, the trial court stated that after reviewing the documents in evidence and the law, the defendant was “absolutely correct,” and this was “not properly followed executory process.” After careful review, I find no error or abuse of discretion in the trial court’s ruling.
The trial court’s decision to grant preliminary injunction and convert the proceedings to an ordinary proceeding should not be disturbed on appeal absent a clear showing of abuse of discretion. Moreover, as the applicant for the preliminary injunction, the defendant was only required to make a prima facie |2showing that he would prevail on the merits. Wells Fargo Bank, N.A. v. Settoon, 2012-1980 (La.App. 1st Cir.6/7/13), 120 So.3d 757, 760.
In seeking to foreclose upon the defendant’s property by way of executory process, U.S. Bank introduced and relies upon the alleged original note and the mortgage containing a “confession of judgment.” The note was originally payable to Homecomings Financial Network, Inc. and was then indorsed, by stamped undated indorse-ments, to Residential Funding Corporation and U.S. Bank National Association as Trustee. The note was then assigned by MERS, as nominee for U.S. Bank National Association as Trustee, to U.S. Bank National Association as Trustee RFMSI 2005S7.
In support of his petition for injunction, defendant introduced two affidavits which, in my view, place in question the validity of the indorsements and assignment of the note. The affidavits were from Linda Zimmerman, an expert in foreclosure and mortgage documentation, and Joseph Es-quivel, an expert in mortgage securitization analysis and chain-of-custody analysis. First, as Zimmerman’s affidavit shows, it is questionable whether the note attached to U.S. Bank’s petition for executory process is the actual original note. According to Zimmerman’s affidavit, she investigated and deposed Judy Faber, the person who purportedly stamped the indorsement on the subject note of behalf of Residential Funding Corporation. As noted by Zimmerman, Faber’s deposition shows that she instructed document custodians in thousands of foreclosure cases to apply her stamped endorsement after foreclosure proceedings commenced. Noting these facts, Zimmerman opined that the note was “manufactured” for purposes of this foreclosure and that, at a minimum, a document examiner must be retained to examine the note and determine if it is in fact the original note. Further, Esquivel’s affidavit states, in pertinent part, that the purported assignment is highly questionable as the final assignment of the note to the trust did not comply with the 1 spooling and servicing agreement for the trust, in that all prior assignments of the note were to be recorded in the public records; the assignment of the note to the trust was after the trust closing date; and MERS had no right to assign the note as MERS was not named on the note itself, but was named only on the mortgage.
I recognize that these affidavits present many complex issues and some issues raised may ultimately be inconsequential *48 However, U.S. Bank did not offer any evidence to rebut the factual statements underlying the factual representations and opinions set forth in the expert’s affidavits. Moreover, the affidavits must be considered in light of the record as a whole.
U.S. Bank argued, and the majority herein agrees, that despite the affidavits presented by defendant, U.S. Bank is entitled to enforce this note and mortgage, via executory process, merely because it is in physical possession of the note, as required by LSA-R.S. 10:3-301.[1] I respectfully disagree. In particular, as the record shows, the note at issue herein is “order paper,” not “bearer paper.”[2] A “holder” with respect to a negotiable instrument is defined as the person in possession if the instrument is payable to bearer or, in the case of an instrument |4payable to an identified person, if the identified person is in possession. See LSA-R.S. 10:1-201(20). Simply put, possession alone is insufficient for “order paper,” as the person in possession must be the person identified on the note. While U.S. Bank as trustee is the last entity that the note was assigned to, the defendant has alleged and produced evidence supporting the eonclusion that the assignment to U.S. Bank was improper. The fact that U.S. Bank is now in possession of the note, as required by LSA-R.S. 10:3-301, does not impair defendant’s right to challenge the validity of the transfer to U.S. Bank. Louisiana Revised Statute 10:3-301 relates to the method of the creditor enforcing its substantive rights and does not impair the defendant’s substantive right to assert whatever defenses he may have to the validity, vel non, of his obligation under the note. FGB Realty Advisors, Inc. v. Riedlinger, .95-2276 (LaApp. 4th Cir.4/3/96), 671 So.2d 560, 564, writ denied, 96-1299 (La.7/1/96), 676 So.2d 101; Bank of New York Mellon v. Smith, 2011-60 (LaApp. 3rd Cir.6/29/11), 71 So.3d 1034, 1041, writ denied, 2011-2080 (La.11/18/11), 75 So.3d 462.
Additionally, U.S. Bank argued, and the majority agrees, that defendant’s challenges to the authenticity of the stamped indorsements on the note lack merit because LSA-R.S. 9:4422 provides that all “signatures” affixed to a promissory note are presumed genuine. I disagree. Again, pertinent to this analysis is the fact *49 that the note at issue herein is an “order note.” In Bankers Trust Co. of California, N.A. v. Cooley, 2003-1942 (La-App. 1st Cir.6/25/04), 884 So.2d 594, 595, this court summarized the law on executory process for enforcement of an order note as follows:
In Aetna Life Ins. Co. v. Lama Trusts, 28,328, p. 5 (LaApp. 2nd Cir.5/8/96), 674 So.2d 1086, 1089, the court recited that, “Authentic evidence of the assignment and endorsement of an order note is required to support the use of executory process.” See also Colonial Financial Service, Inc. v. Stewart, 481 So.2d 186, 189 (LaApp. 1st Cir.1985) and American Sec. Bank of Ville Platte v. Deville, 368 Soj2d5 167, 169 (LaApp. 3rd Cir. 1979). Comment (d) to LSA-C.C.P. art. 2635 provides in pertinent part as follows:
(d) Another situation where additional evidence in authentic form is needed to prove the plaintiffs right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition. Miller, Lyon & Co. v. Cappel, 36 La. Ann. 264 (1884).
I recognize that this court’s opinion in Cooley may conflict with LSA-R.S. 9:4422. Nevertheless, LSA-R.S. 9:4422 states only that signatures are “presumed” genuine. This is a rebuttable presumption; the statute does not state that signatures are “deemed” genuine. Accordingly, I disagree with the majority’s conclusion that LSA-R.S. 9:4422 forecloses a defendant’s right in executory proceedings to challenge the presumed authenticity of signatures, as defendant did in the present matter. Instead, it was within the trial court’s discretion to determine whether the evidence introduced was sufficient to overcome the presumption provided for in LSA-R.S. 9:4422.
I am also concerned with the fact that defendant did not receive notice that the note and mortgage was held, owned, assigned or transferred to “Residential Funding Corporation, U.S. Bank National as Trustee,” or “U.S. National Bank as Trustee RFMSI 2005S7.” The only notice to defendant appearing of record is an April 6, 2011 letter, identifying the name of the creditor as “GMAC Mortgage LLC FKA GMAC Mortgage Corporation.” While the majority may be correct in concluding that the failure to provide notice under the Truth in Lending Act is not necessarily a defense to foreclosure proceedings, the majority opinion does not address LSA-C.C. art. 2643, which provides, in pertinent part, that the assignment of a right is effective against the debtor only from the time the debtor has actual knowledge, or has been given notice of the assignment. One obvious purpose of | fithe notice required by LSA-C.C. art. 2643 is protection of the assignee against payments made in error by the debtor to the assignor. Another obvious purpose is protection of the debtor against erroneous or duplicative payment. Fidelity Nat. Bank of Baton Rouge v. Calhoun, 20084685 (La.App. 1st Cir.3/27/09), 11 So.3d 1119, 1126. Again, while the failure to give notice alone may not be sufficient to enjoin the foreclosure proceedings, it must be considered in light of the record as a whole, in determining whether the trial court’s ruling was correct.
Accordingly, considering the record as a whole, including, specifically: (1) the two affidavits outlining numerous perceived is *50 sues with the chain of title; (2) the stamped indorsements of the note that were not done by authentic act or dated; and (3) the lack of notice to the defendant of the various transfers of the note, I find no error by the trial court in its conclusion that the plaintiff was not entitled to proceed via executory process. Instead, I find that the trial court correctly determined that the defendant met his burden of making a “prima facie showing” that he will prevail on the merits.
Therefore, I respectfully dissent.

. Louisiana Revised Statute 10:3-301 provides:
"Person entitled to enforce” an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to LSA-R.S10:3-309 or 10:3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

. Louisiana Revised Statute 10:3-109 provides:
(a)A promise or order is payable to bearer if it:
(1)states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;
(2) does not state a payee; or
(3) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.
(b) A promise or order that is not payable to bearer is payable to order if it is payable (i) to the order of an identified person or (ii) to an identified person or order. A promise or order that is payable to order is payable to the identified person.
(c) An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to LSA-R.S. 10:3-205(a). An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to LSA-R.S. 10:3-205(b).