U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE CIM TRUST 2018-R5 MORTGAGE-BACKED NOTES, SERIES 2018-R5

VERSUS

TIMMIE G. OWEN, (A/K/A TIM G. OWEN) AND CAREN BROWN OWEN, (A/K/A CAREN BROWN, CAREN OWEN)

NO. 22-CA-588

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 78,507, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

September 20, 2023

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel

**REVERSED AND REMANDED**
    **SUS**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
U.S. BANK NATIONAL ASSOCIATION

Zara L. Zeringue
Kathleen Legendre
Penny M. Daigrepont

**SCHLEGEL, J.**

Appellant/Plaintiff, U.S. Bank National Association, Not In Its Individual Capacity But Solely As Trustee For the CIM Trust 2018-R5 Mortgage – Backed Notes, Series 2018-R5 (U.S. Bank), appeals the district court's October 26, 2022 judgment entitled, "Suo Motu Judgment to Dismiss For No Right of Action." This matter involves an executory process proceeding wherein U.S. Bank filed a petition for executory process asking the district court to order the issuance of a writ of seizure and sale pursuant to La. C.C. art. 2638. In its judgment, the district court dismissed U.S. Bank's petition for executory process finding that it did not have a right of action to proceed because a note allonge that U.S. Bank attached in support of the petition did not comply with authentic evidence requirements.[1] As discussed more fully below, we find that the note allonge complied with the applicable authentic evidence requirements governing executory process proceedings set forth in La. R.S. 9:4422. Therefore, we reverse the district court's October 26, 2022 judgment and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

On August 30, 2022, U.S. Bank filed a Petition for Executory Process With Benefit of Appraisal seeking to enforce its right to foreclose on property securing a promissory note executed by appellees, Timmie G. Owen and Caren Brown Owen. U.S. Bank alleges in its petition that it is the holder of a promissory note dated June 29, 2005, executed by the Owens and payable to the order of American General Financial Services of Louisiana, Inc. U.S. Bank contends that it is the last holder of the note because it was "endorsed in blank, without recourse."[2] The

---

[1] An allonge is a "piece of paper annexed to a ... promissory note, on which to write endorsements for which there is no room on the instrument itself." *Pioneer Valley Hosp., Inc. v. Elmwood Partners*, *LLC*, 01-453 (La. App. 5 Cir. 10/17/01), 800 So.2d 932, 933, fn. 2.

[2] U.S. Bank explains in its appellate brief that based on the blank endorsement, the note is now payable to bearer and may be negotiated by transfer of possession alone. When an instrument is payable to order, meaning it is payable to an identified person and then is "indorsed in blank," the "instrument becomes payable to bearer and may be negotiated by transfer of possession alone." La. R.S. 10:3-205(a) and (b).

blank endorsement is contained in the note allonge at issue in this appeal. The endorsement in the note allonge specifically states: "***Pay to the order of:*** [blank space] Without recourse SPRINGLEAF FINANCIAL SERVICES OF LOUISIANA, INC. F/K/A AMERICAN GENERAL FINANCIAL SERVICES OF LOUISIANA, INC." This is followed by the signature of Stephen L. Day, as "Vice President."

According to U.S. Bank, the note was later modified by means of a Loan Modification Agreement, which altered the principal amount due to $111,763.51, payable at an interest rate of 10.9% per annum, with increased monthly payments of $1,323.94, and a maturity date of September 5, 2030. U.S. Bank further alleges that the note is officially paraphed "*Ne Varietur*" for identification with an act of mortgage passed before a notary public on June 29, 2005, and recorded on August 15, 2005 in St. John the Baptist Parish. In the act of mortgage, the Owens confessed judgment and consented that if they did not pay the note in accordance with its terms and conditions, the property securing the mortgage might be seized and sold by executory process. U.S. Bank contends that the note and mortgage are past due and exigible because monthly installments due from May 5, 2021 remain unpaid. According to the verification attached to the petition, the balance due and owing is $93,290.31, with interest at a rate of 10.9% per annum from April 5, 2021 until paid.

After reviewing the petition for executory process, the district court entered a judgment *sua sponte* on October 26, 2022, dismissing U.S. Bank's petition for executory process based on the court's finding that U.S. Bank failed to establish its right to enforce the note by means of executory process. The district court reasoned that because the allonge or endorsement of the note did not comply with

22-CA-588                                                    2

authentic evidence requirements, U.S. Bank did not have a right of action to proceed by means of executory process.[3] This appeal followed.

## LAW AND DISCUSSION

An executory proceeding in Louisiana is an *in rem* proceeding that provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. *Deutsche Bank National Trust Co. v. Carter*, 10-663 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286, *writ denied*, 11-392 (La. 4/8/11), 61 So.3d 691. Executory process is "used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment." La. C.C.P. art. 2631. Executory process is a unique and harsh remedy requiring strict construction. *Colonial Finance, LLC v. Colonial Golf & Country Club, Inc.*, 11-5 (La. App. 5 Cir. 6/14/11), 72 So.3d 349, 351, *writ denied*, 11-2399 (La. 12/16/11), 76 So.3d 1209. Before a court signs an order to issue a writ of seizure and sale in an executory process proceeding, La. C.C.P. art. 2638 requires the court to satisfy itself that the plaintiff has established the right to use executory process:

> If the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage or privilege, as prayed for and according to law.

*See Hood Motor Co., Inc. v. Lawrence*, 320 So.2d 111, 113 (La. 1975).

La. C.C.P. art. 2635(A) provides that in order for a creditor to prove its right to use executory process to enforce a mortgage secured by immovable property, it is necessary only to submit authentic evidence of 1) the note, bond or other instrument evidencing the obligation secured by the mortgage, security agreement,

---

[3] We note that the judgment and reasons for judgment are contained in the same document, contrary to the mandate of La. C.C.P. art. 1918(B). This provision states that "[w]hen written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment."

or privilege; and 2) the authentic act of mortgage or privilege on immovable property importing a confession of judgment. La. C.C. P. art. 2635(B) further emphasizes that "this requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney's fees shall not preclude the use of executory process."

The district court found that U.S. Bank did not have a right to proceed by means of executory process because the allonge does not comply with authentic evidence requirements. U.S. Bank counters on appeal that the note allonge complies with the executory process requirements for transfers of promissory notes established in La. R.S. 9:4422.

We agree. Following amendments to the executory process provisions in 1989, La. C.C.P. art. 2635 no longer requires every document submitted in support of a petition for executory process to be in authentic form. *See Tanner v. Succession of Bourland*, 52,918 (La. App. 2 Cir. 11/20/19), 285 So.3d 104, 110. Furthermore, La. R.S. 9:4422, enacted in 1989 and amended in 2012, requires compliance with the following evidentiary rules when foreclosure by executory process is instituted by the transferee, assignee, or pledgee of any promissory note, whether negotiable or not:

> (1) All signatures of the following persons or entities are presumed to be genuine and no further evidence is required of those signatures for the purposes of executory process: **endorsers**, guarantors, and other persons whose signatures appear on or are affixed to such instrument secured by the mortgage or privilege.

> (2) The assignment, pledge, negotiation, or other **transfer of any obligation secured by a mortgage or privilege may be proven by any form of private writing, and such writing shall be deemed authentic for the purposes of executory process.**

> (3) **The holder of any promissory note, whether negotiable or not, and any negotiable instrument under this Section may enforce the mortgage or privilege securing such instrument without authentic**

**evidence of the signatures, assignment, pledge, negotiation, or transfer thereof.** [Emphasis added.] [4]

Accordingly, La. R.S. 9:4422 now provides in Section (2) that a document evidencing the transfer of a promissory note provided in support of a petition for executory process may be proven by any form of private writing and that writing is deemed authentic for executory process purposes. Furthermore, Section (3) provides that the holder of a promissory note may enforce the mortgage securing that note without authentic evidence of the assignment or transfer thereof. We find that the note allonge in the instant case complies with La. R.S. 9:4422(2) because it is a private writing, which "shall be deemed authentic for the purposes of executory process."

The district court did not cite to La. R.S. 9:4422 in the reasons it provided for dismissing U.S. Bank's petition, but rather cited to various cases to support its position that authentic evidence of an assignment, transfer or endorsement of a note is required to use executory process. We agree with U.S. Bank that the rules set forth in La. R.S. 9:4422 supersede the cases cited by the district court. In fact, three of the cases cited by the district court were decided prior to the enactment of La. R.S. 9:4422 in 1989, and the district court relied on language in the dissent in one of the more recent cases it cited. [5]

The district court also quoted *Aetna Life Ins. Co. v. Lama Trusts*, 28,328 (La. App. 2 Cir. 5/8/96), 674 So.2d 1086, 1089, for its statement that "[a]uthentic evidence of the assignment and endorsement of an order note is required to support the use of executory process." We first observe that the *Aetna* case did not cite to

---

[4] The Louisiana legislature enacted La. R.S. 9:4422 by Acts 1989, No. 292, § 1, and amended the provision in 2012 by Acts 2012, No. 400, §1.

[5] *See Miller v. Cappel*, 36 La.Ann. 264 (1884); *Colonial Financial Service, Inc. v. Stewart*, 481 So.2d 186, 189 (La. App. 1st Cir. 1985); *American Sec. Bank of Ville Platte v. Deville*, 368 So.2d 167, 169 (La. App. 3rd Cir. 1979); and *U.S. Bank National Ass'n v. Dumas*, 12-1902 (La. App. 1 Cir. 4/3/14), 144 So.3d 29, 49, *writ denied*, 14-943 (La. 8/25/14), 147 So.3d 1119 (citing to dissent). The majority in *Dumas* recognized that La. R.S. 9:4422 now governs evidentiary requirements for indorsements and transfers of notes in executory process proceedings. *Id.* at 45.

or recognize the rules contained in La. R.S. 9:4422 in its analysis. Furthermore, in *U.S. Bank Trust National Ass'n v. Parks*, 22-56 (La. App. 5 Cir. 11/2/22), 353 So.3d 228, 233, this Court recently distinguished *Aetna* and further recognized that "per La. R.S. 9:4422, authentic evidence of how U.S. Bank came into possession of the note was not necessary to establish that it had standing to bring the action for executory process."

Finally, the district court cited to *Bankers Trust Co. of California v. Cooley*, 03-1942 (La. App. 1 Cir. 6/25/04), 884 So.2d 594, which was decided prior to the 2012 amendment to La. R.S. 9:4422. The *Cooley* court determined that La. R.S. 9:4422 was not applicable to its analysis due to language limiting the application of the statute to instruments that would be negotiable "but for a limitation of personal liability of the maker or comaker secured by a mortgage or privilege." *Id.* at 595, fn. 1. In the 2012 amendment, however, the Louisiana legislature removed this language and added language expanding the application of La. R.S. 9:4422 to "any promissory note, whether negotiable or not."[6]

Accordingly, La. R.S. 9:4422 clearly provides that the transfer of any obligation secured by a mortgage may be proven by any form of private writing, which shall be deemed authentic for executory process purposes. The note allonge provided with U.S. Bank's petition for executory process satisfies this requirement.

**DECREE**

Based on the foregoing, we find that the district court erred by finding that U.S. Bank did not have a right of action to proceed by means of executory process because the note allonge did not meet authentic evidence requirements. Therefore, we reverse the district court's August 26, 2023 judgment and remand this matter for further proceedings.

**REVERSED AND REMANDED**

---

[6] *See* La. Acts 2012, No. 400, §1.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>**SEPTEMBER 20, 2023**</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-588

<u>**E-NOTIFIED**</u>
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)       KATHLEEN LEGENDRE (APPELLANT)       ZARA L. ZERINGUE (APPELLANT)

<u>**MAILED**</u>
L. CLAIRE MAYER (APPELLANT)       TIMMIE G. OWEN  (APPELLEE)
PENNY M. DAIGREPONT (APPELLANT)   CAREN BROWN OWEN  (APPELLEE)
REMY F. SYMONS (APPELLANT)        524 FRISCO DRIVE
ATTORNEYS AT LAW                  LAPLACE, LA 70068
3510 NORTH CAUSEWAY BOULEVARD
SUITE 600
METAIRIE, LA 70002